IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRONE JERMAINE MARTIN, | § | |
| | § | |
| Defendant Below- | § | No. 512, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 0803033391 and |
| Plaintiff Below- | § | 0808015453A |
| Appellee. | § | |

Submitted: December 16, 2015
Decided: February 10, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 10th day of February 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The defendant-appellant, Tyrone Martin, filed this appeal from the Superior Court's order dated September 11, 2015, sentencing him for a violation of probation (VOP). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Martin's opening brief that his appeal is without merit. We agree and affirm.

(2) In August 2008, Martin pled guilty in Cr. ID 0803033391 to one count of drug possession, among other charges, for which he was sentenced to one year

at Level V incarceration to be suspended entirely for probation. In March 2009, Martin pled guilty in Cr. ID 0808015453A to drug trafficking, among other charges, for which he was sentenced to ten years at Level V incarceration (with credit for 260 days served) to be suspended after serving one year in prison for decreasing levels of supervision.

(3) In September 2014, while on probation, Martin submitted a urine sample to his probation officer that tested positive for oxycodone and opiate use. In October 2014, a search of Martin's residence uncovered more than 400 bags of heroin, which resulted in Martin's arrest on new criminal charges in Cr. ID 1410006865. On October 16, 2014, a report was filed charging Martin with violating probation because of his positive urine screen and because of the new criminal charges. On June 15, 2015, the State ultimately dismissed the criminal charges in Cr. ID 1410006865. On July 22, 2015, Martin's probation officer filed a supplemental violation report, alleging that Martin had tested positive for drug use on May 28, 2015 and July 9, 2015, and that he had committed a curfew violation on July 7, 2015.

(4) On August 6, 2015, Martin's counsel filed a motion to suppress the evidence that had been seized in the October 2014 search of his home. A hearing was held on August 12, 2015. On August 18, 2015, the Superior Court denied the suppression motion in a written order. On September 11, 2015, after finding that

2

Martin had violated probation, the Superior Court sentenced him in Cr. ID 0803033391 to four months at Level V incarceration with no probation to follow. In Cr. ID 0808015453A, the Superior Court sentenced Martin to ten years at Level V incarceration to be suspended after serving four years in prison for decreasing levels of supervision. This appeal followed.

(5) Martin raises four issues in his opening brief on appeal. First, he contends that the Superior Court abused its discretion in denying his suppression motion. Second, he contends that the State violated his rights by waiting to indict him on the new drug charges in Cr. ID 1410006865. Third, he contends that the Superior Court exhibited bias in sentencing him on the VOP. Finally, he contends that Probation and Parole and the Delaware State Police falsified evidence in order to obtain the search warrant for his home.

(6) To the extent that Martin is challenging the delay that occurred between his arrest and indictment in Cr. ID 1410006865, we have no jurisdiction to review that claim in the context of this appeal from his VOP sentence in different criminal cases. Moreover, we are unable to review Martin's other claims because Martin failed to order and provide the Court with a copy of the transcript of the suppression hearing or the VOP hearing and sentencing.

(7) As the Court has held many times, it is the appellant's obligation to supply those portions of the transcript that are necessary to give the Court a fair

3

and accurate account of the context in which the alleged errors arose.[1] Without a transcript of the suppression hearing, there is no basis upon which the Court can review Martin's claims that the State falsified evidence or that the Superior Court abused its discretion in denying his motion to suppress. Moreover, without a copy of the transcript of the VOP hearing and sentencing, the Court is unable to review Martin's contention that the Superior Court exhibited bias in sentencing him. Thus, the Court concludes that Martin's failure to request and include adequate transcripts of the proceedings, as required by the rules of the Court, precludes appellate review of his claims of error on appeal.[2]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).
[2] *See Hawkins v. State*, 2010 WL 3341578 (Del. Aug. 25, 2010) (holding that failure to provide transcript of VOP hearing precludes review of argument on appeal).